IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                     **PLAINTIFF**

v.                    **Case No. 4:21-cr-00234-01-KGB**

**ALISHA STARK**                                                                              **DEFENDANT**

<u>**ORDER**</u>

Pending is defendant Alisha Stark's motion for adjustment of sentence (Dkt. No. 40). On October 2, 2025, the Warden of FCI Aliceville notified the Court of Stark's passing (Dkt. No. 41). As a result, the Court denies the pending motion as moot (Dkt. No. 40).

On the merits, the Court would have denied the motion, as well (*Id.*). Applying retroactive guideline Amendment 821 would lower Stark's criminal history score from nine to eight, but her criminal history category and guideline range would remain the same.[1] Additionally, in the plea agreement, Stark "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ." (Dkt. No. 28). Because Stark knowingly and voluntarily entered into her plea agreement, including this waiver, she would not be entitled to relief. *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).

It is so ordered this 2nd day of February, 2026.

                                                                    _____
                                                                    Kristine G. Baker
                                                                    Chief United States District Court Judge

---

[1] *See* United States Sentencing Guidelines § 1B1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").